# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELE-PHYSICIANS, P.C., a Georgia Professional Corporation; and SPECIALISTS ON CALL, INC., a Delaware Corporation,<br><br>Petitioners,<br><br>v.<br><br>JENNIFER HAILEY, an individual,<br><br>Respondent. | Case No.: 19-CV-1177-AJB-BGS<br><br>**ORDER DENYING PETITIONERS' EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>(Doc. No. 5) |

Currently pending before the Court is Petitioners Tele-Physicians, P.C. ("Tele-Physicians") and Specialists on Call, Inc.'s ("SOC Telemed") (collectively "Petitioners") ex parte motion for temporary restraining order and order to show cause why a preliminary injunction should not issue. (Doc. No. 5.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. For the reasons explained more fully below, the Court **DENIES** Petitioners' ex parte motion.

## **BACKGROUND**

SOC Telemed provides sophisticated technology to hospitals, medical facilities and attending medical personnel throughout the country to assist with emergency medical consultations. (Doc. No. 5 at 10.) Tele-Physicians employs doctors to provide the

consultations. (*Id.*) Dr. Hailey is a psychiatrist residing in Oceanside, California. (*Id.*) Dr. Hailey was employed full-time by Tele-Physicians from December 1, 2016 to April 1, 2018. (*Id.* at 10–11.)

On April 1, 2018, Dr. Hailey's employment changed from full time to part time. (*Id.* at 11.) On October 31, 2018, Dr. Hailey voluntarily resigned from SOC Telemed. (*Id.*) A week after her resignation, Dr. Hailey filed an administrative wage claim with the California Division of Labor Standards Enforcement ("DLSE"). (*Id.*) Dr. Hailey seeks damages in the amount of $54,880.00 for allegedly unpaid wages and waiting time penalties based on her employment with SOC Telemed between April 1, 2018 and October 31, 2018. (*Id.* at 12.) DLSE has scheduled a "Berman hearing" for July 18, 2019. (*Id.*)

On May 9, 2019, SOC Telemed filed a Demand for Arbitration with the American Arbitration Association ("AAA") to resolve this dispute. (*Id.*) Dr. Hailey has not responded to or participated in any of the proceedings with the AAA. (*Id.*)

On May 20, 2019, SOC Telemed filed a Petition to Compel Arbitration in the United States District Court for the District of Columbia against Dr. Hailey. (*Id.*) On May 31, 2019, Dr. Hailey filed a civil action in San Diego Superior Court alleging various employment claims. (*Id.*) On June 21, 2019, SOC Telemed filed the instant Petition to Compel Arbitration. (*Id.*) In this instant action, SOC Telemed seeks to compel arbitration in California and have the arbitration governed by California law. (*Id.*)

## **LEGAL STANDARD**

A temporary restraining order may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7

2

19-CV-1177-AJB-BGS

(9th Cir. 2001). However, a TRO is an "extraordinary remedy" and is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). Instead, the moving party bears the burden of demonstrating four factors: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Although a plaintiff must satisfy all four of the requirements set forth in *Winter*, the Ninth Circuit employs a sliding scale whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## DISCUSSION

Petitioners seek a temporary restraining order to delay or remove the July 18, 2019 "Berman hearing" before the DLSE. (Doc. No. 5 at 9.)

A.   Subject Matter Jurisdiction

First, it is unclear whether the Court has subject matter jurisdiction over the instant action. The instant litigation is brought under diversity jurisdiction. Diversity jurisdiction exists where the matter is between citizens of different States. *See* 28 U.S.C. § 1332. The Court is presented with competing declarations regarding whether Dr. Hailey was actually employed by the California Tele-Physicians or the Georgia Tele-Physicians. (Doc. No. 8 Hailey Decl. ¶¶ 3, 4, Doc. No. 12, Camic Decl. ¶ 11.) Further, Petitioners admit that Tele-Physicians is registered in each state where its physicians live to report and pay corresponding payroll taxes. [1] (Doc. No. 12 at 6, Camic Decl. ¶ 12.) Petitioners explain that "[w]hile Tele-Physicians (CA) is engaged in the provision of consultation services within California, it is Tele-Physicians (GA) that, as the employing entity, provides the consulting physicians that rend the consultation services . . . In other words, Tele-Physicians (CA)

---

[1] Based on this representation, it is unclear to the Court whether Tele-Physicians may be a citizen of both states. Petitioners do not state whether Tele-Physicians is incorporated in both California and Georgia.

helps provide the physical framework for the consultation services to occur (and multiple other states have similar entities for the physical framework), but it is Tele-Physicians (GA) that employs and provides the physicians who often use equipment and other management support provided by SOC." (*Id.* at 6–7, Camic Decl. ¶ 13.) Petitioners further attempt to show that Dr. Hailey knew she was employed by the Georgia Tele-Physicians as her letter of intent provided that she would be "working for Specialist on Call (SOC), Inc. a Delaware Corporation and its affiliated provider Tele-Physicians, PC (GATP)[.]." (*Id.* at 7, Camic Decl. ¶ 15, Ex. 1.) However, Petitioners fail to define GATP to the Court or in the letter of intent. The Court cannot infer what GATP represents.

Dr. Hailey adamantly contends that she was employed by Tele-Physicians in California. (Doc. No. 8 at 9.) Dr. Hailey asserts that only a California medical professional could lawfully hire and supervise her in the practice of medicine in the state of California. (*Id.*, Hailey Decl. ¶ 4.) Dr. Hailey also alleges that she was explicitly told by corporate officers of Petitioners that she was working for a California professional corporation when she specifically inquired about the legality of her employment. (*Id.*, Hailey Decl. ¶ 3.)

Finally, Dr. Hailey's employment agreement does not specify whether the Georgia Tele-Physicians or the California Tele-Physicians is her employer. (*See* Doc. No. 5, Camic Decl., Ex. A.) It is unclear whether Dr. Hailey was employed by the Georgia Tele-Physicians or the California Tele-Physicians. At this stage of the litigation, it is ambiguous whether the Court has subject matter jurisdiction. This reason alone merits denial of Petitioners' ex parte motion for a temporary restraining order.[2]

B.   Likelihood of Success on the Merits

While it is uncertain if the Court has subject matter jurisdiction, the Court finds that Petitioners are unlikely to succeed on the merits. Dr. Hailey's employment agreement states that arbitration is to take place in Washington D.C. under Virginia law. (Doc. No. 3,

---

[2] Based on the arguments presented by both parties, a Rule 12(b)(1) motion may be appropriate in this matter. *See* Fed. R. Civ. Pro. 12(b)(1).

Camic Decl., Ex. A.) Here, Petitioners are requesting the Court to enforce arbitration in California under California law. (Doc. No. 5 at 13.) It appears that Petitioners are not only attempting to sever the agreement, but also asking the Court to reform the contract by writing in additional terms. The Court does not have "such power under their inherent limited authority to reform contracts." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 125 (Cal. 2000). Accordingly, the Court likely may not rewrite the arbitration agreement. Petitioners are unlikely to succeed on the merits of enforcing the arbitration agreement so that arbitration occurs in California under California law.

## CONCLUSION

For the foregoing reasons, Petitioners have not carried its burden of showing that a temporary restraining order or preliminary injunction should be issued. Accordingly, the Court **DENIES** Petitioners' motion.

**IT IS SO ORDERED**.

Dated: July 17, 2019

Hon. Anthony J. Battaglia
United States District Judge